UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

ANTONIO CABALLERO,

    Plaintiff,

vs.

FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA,
a/k/a FARC-EP a/k/a REVOLUTIONARY
ARMED FORCES OF COLOMBIA; EJERCITO
DE LIBERACION NACIONAL a/k/a ELN a/k/a
NATIONAL LIBERATION ARMY; and THE
NORTE DE VALLE CARTEL,

    Defendants.
_____/

**PETROLEOS DE VENEZUELA, S.A.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441(d) and 1446, Petroleos de Venezuela, S.A. ("PDVSA"), gives notice of removal of the above-titled action, and all claims and causes of action therein, currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action"). PDVSA appears for the purposes of removal only, reserves all defenses and rights available to it, and as grounds for removal states as follows:

**Plaintiff's State Court Action**

1.    On or about December 17, 2012, Plaintiff Antonio Caballero ("Plaintiff") filed an action in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, *Antonio Caballero v. Revolutionary Armed Forces of Colombia et al*, case no. 12-48803-CA-02, (the "State Court Action") against Defendants Fuerzas Armadas Revolucionarias de Colombia ("FARC"), Ejercito de Libracion Nacional ("ELN"), and the

Norte del Valle Cartel ("NDVC") (collectively "Defendants"). A copy of the Corrected Second Amended Complaint and Plaintiff's Notice of Scrivener's Error in Corrected Second Amended Complaint is attached hereto as **Composite Exhibit 1**.

2. Plaintiff purported to effectuate service of process on Defendants through individuals imprisoned in the United States. *See* **Composite Exhibit 2**.

3. When none of the Defendants appeared in the State Court Action, on December 12, 2013, the state trial court issued a default against all Defendants. *See* **Exhibit 3.**

4. Plaintiff thereafter filed a motion for partial summary judgment on liability, and on May 2, 2014, without any appearance by any Defendant, the state trial court granted Plaintiff's motion for summary judgment as to liability. *See* **Exhibits 4** and **5**.

5. After a trial on damages during which none of the Defendants appeared, Plaintiff obtained a Final Judgment against Defendants on November 18, 2014, in the sum of (i) $45,000,000.00, representing non-economic compensatory damages with interest at 4.75% a year; (ii) $6,244.484.56, representing compensatory economic damages and pre-judgment interest thereon, with interest at 4.75% a year; and (iii) $140,189,001.00, representing punitive damages with interest at 4.75% a year. *See* **Exhibit 6**, at pp. 93-94.

## Plaintiff's Execution of Final Judgment

6. Since obtaining the Final Judgment against Defendants in November 2014, Plaintiff has sought to execute on the judgment under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107–297, 116 Stat. 2322, against assets in the names of individuals or entities allegedly acting as agents or instrumentalities of FARC and/or NDVC that are blocked by the U.S. Government. TRIA authorizes attachment of blocked assets to satisfy

judgments issued to victims of terrorism. Section 201(a) of TRIA authorizes attachment of blocked assets "of any agency or instrumentality" of the judgment debtor. *Id.* § 201(a).

7. Plaintiff has previously relied on the opinion of a University of Miami professor, Dr. Bruce Michael Bagley, to identify the names of individuals and entities allegedly acting as agents or instrumentalities of FARC and/or NDVC. *See* **Exhibit 6**, at pp. 13-14. Dr. Bagley provided the state trial court a list of individuals and entities purportedly acting as agents or instrumentalities of FARC and/or NDVC during the damages trial in 2014 (which the state trial court accepted), but Dr. Bagley did not include PDVSA on the list. *Id.*, at Ex. E.

8. Nonetheless, on April 11, 2019, Plaintiff filed an action in the State Court Action entitled "Motion for the Court to Declare that PDVSA is an Agency and Instrumentality of the FARC" (the "Motion"). *See* **Exhibit 7**. Plaintiff relies exclusively on a new hearsay affidavit in which Dr. Bagley purports to "add" PDVSA to his previous list of FARC agents or instrumentalities. *See id.*, at Ex. A.

9. In the Motion, Plaintiff seeks a finding that PDVSA is an agent and instrumentality of FARC under section 201 of TRIA, thus allowing Plaintiff to execute its judgment on PDVSA's assets that are blocked by the United States Government. *Id.* at pp. 1-2. By filing the Motion, Plaintiff has brought a claim against PDVSA in an attempt to execute the Final Judgment against PDVSA's blocked United States assets.

## Federal Jurisdiction

10. This Court has jurisdiction over this action under 28 U.S.C. § 1441(d), which authorizes a "foreign state as defined in section 1603(a) of this title" to remove a state court action to federal district court.

11. Under 28 U.S.C. § 1603(a), a foreign state includes "an agency or instrumentality of a foreign state as defined in subsection (b)." Section 1603(b) defines an "agency or instrumentality of a foreign state" as any entity "(1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country."

12. PDVSA is an "agency or instrumentality" of the foreign state of Venezuela, as that term is defined in 28 U.S.C. §§ 1603(a) and (b). PDVSA is a legal corporation wholly owned by the foreign state of Venezuela. PDVSA is neither a citizen of the United States nor created under the laws of any third country.

## Removal

13. PDVSA files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(d) and 1446.

14. This Notice of Removal is timely. While Plaintiff filed the Motion on April 11, 2019, Plaintiff never served the Motion on PDVSA. PDVSA has not been served with any pleadings or papers in the State Court Action. Despite not being served, PDVSA recently became aware of the Motion and Plaintiff's attempt to execute the Final Judgment on PDVSA's blocked assets.

15. Pursuant to 28 U.S.C. § 1446(d), PDVSA will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and will serve a copy of this Notice of Removal on Plaintiff.

16. PDVSA expressly reserves its right to challenge the sufficiency of Plaintiff's claims

against it. By removing this action, PDVSA does not waive its right to object to jurisdiction or to assert any other defenses it may have in this action.

Dated:  May 24, 2019                                              Respectfully submitted,

*s/ Marcos Daniel Jiménez*
Marcos Daniel Jiménez
Florida Bar No. 441503
**Marcos D. Jiménez, P.A.**
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Telephone:    305.772.6026
Email:  mdj@mdjlegal.com

and

*s/ Ellen Ross Belfer*
Ellen Ross Belfer
   Florida Bar No. 685208
**León Cosgrove, LLP**
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Telephone: (305) 740-1975
Facsimile: (305) 437-8158
Email:  ebelfer@leoncosgrove.com
Email:  lburns@leoncosgrove.com

*Counsel for PDVSA*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 24, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system which in turn will serve a copy by electronic mail on all counsel or parties of record, and will serve via e-mail the following counsel of record:

Leon N. Patricios
Zumpano Patricios, P.A.
312 Minora Avenue
Coral Gables, FL 33134
Email:  lpatricios@zplaw.com

                                              *s/ Marcos D. Jiménez*
                                                Marcos D. Jiménez